GEORGE F. DITTMAN BOOT & SHOE CO *v.* DAVID MEYER.

[54 South. 441.]

CONTRACT. *Breach. Demand of performance.*

    Appellant with a view of employing appellee as a traveling salesman, agreed to pay the expenses of his trip to St. Louis; accordingly appellee went there and entered into a contract, in writing, with appellant, by the terms of which appellee was employed by appellant as a traveling salesman. The contract contained this provision: That the appellant "would advance the legitimate traveling expenses to party of second part (appellee) while on the road selling goods of the party of the first part" (appellant). The appellant reimbursed the appellee for the outlay of his trip. After making this contract, on the same day appellee made application to another house for a position as traveling salesman; he was refused employment until he should be released from his contract with appellant; he thereupon surrendered his contract with appellant saying he declined to carry it out, and on demand refunded the expenses of his trip to appellant. Appellee then contracted with the other house and breached that contract. The appellee then sued appellant for the expenses of his trip back home. *Held* that he cannot recover back his traveling expenses to the city, nor compel appellant to carry out an agreement made in contemplation of his becoming its employe.

APPEAL from the circuit court of Pike county.

HON. D. M. MILLER, Judge.

Suit by David Meyer against the Geo. F. Dittman Boot & Shoe Company. From a judgment for plaintiff, defendant appeals. The facts are fully stated in the opinion of the court.

*J. B. Sternberger,* for appellant.

I submit that the construction placed upon the contract by the court below does violence to its plain and positive terms. Meyer's compensation was fixed at five per cent commission upon goods to be sold and paid for. The fourth clause reads thus: "The party of the first

part agrees to advance the legitimate traveling expenses of the party of the second part while on the road selling the goods of the party of the first part, and to allow a personal drawing account of one hundred and fifty dollars per month while soliciting business on the territory, these advances to be charged to and deducted from the commissions earned by party of the second part.''

Clearly, these advances were to be made, not on the basis of the sales made, but upon the actual money collected thereon from customers. Sales to insolvent or dishonest people could not afford a basis for commissions. If the parties meant to contract for the advance of a sum, which Meyer says, agreeable to custom, should be one hundred dollars, for traveling expenses in his territory, before any goods were sold or commissions earned, it would have been an easy matter thus to have stipulated. The court will note that the advances of ''legitimate traveling expenses'' were to be made to Meyer ''while on the road selling the goods'' of the defendant; and the personal drawing account of one hundred and fifty dollars per month was to be allowed him ''while soliciting business on the territory,'' based as we have seen, on goods sold on his orders and paid for by the purchasers.

*R. W. Cutrer,* for appellee.

There is no merit in appellant's contention that the only issue that should have been submitted to the jury was as to whether the thirty-six dollars and thirty-two cents expense money was extorted from Meyer under duress or not.

Appellant in its last telegram to appellee agreed to pay all expenses; this meant to and from St. Louis. Meyer's testimony is that this thirty-six dollars and thirty-two cents was the expense to St. Louis.

It is manifestly clear that Meyer in accepting the thirty-six dollars and thirty-two cents was only receiving

his expenses to St. Louis, and as stated by him, as he was going traveling for it, he expected to get his return expenses out of the money furnished him to travel on.

There is no contention here, and there was none in the court below, that the itemized account of appellee's actual expenses to and from St. Louis is incorrect.

Appellant admits the correctness of the account, but undertakes to avoid liability by saying there was an accord and satisfaction for the expenses.

Appellee denies this, therefore the question as to whether or not appellant owed the expenses was properly submitted to the jury who found adversely to appellant's contention.

This brings us to the consideration of the only other question in the case, namely; the right of appellee to recover the one hundred and twenty-five dollars as salary.

We submit this question was properly submitted to the consideration of the jury. At the time Mr. Meyer received the telegram from appellant to come to St. Louis, he had steady employment at a salary of one hundred and twenty-five dollars per month, as shown by his testimony.

Mr. Meyer testified that under his contract and understanding with appellant it was to allow him a drawing salary of one hundred and fifty dollars per month and one hundred dollars expense money each month.

That after the contract and agreement had been entered into appellant breached its contract with him; taking it away from him and refused to allow him his salary of one hundred and fifty dollars and refused to furnish him one hundred dollars expense money to travel on.

That after appellant breached its contract with appellee he undertook to get other employment during the month of January, but was unable to do so, and that on account of appellant's breach of contract he was damaged to the amount of one hundred twenty-five dollars.

Anderson, J., delivered the opinion of the court.

The appellant, with a view of employing the appellee as their traveling salesman in southwest Mississippi and northeast Louisiana, agreed to pay the expenses of his trip to St. Louis. Accordingly the appellee went to St. Louis, arriving there about the 1st of January. On January 4th the appellant and appellee entered into a contract in writing, by the terms of which the latter was employed as a traveling salesman for the appellant in the territory above referred to. The contract contained this provision: That the appellant "would advance the legitimate traveling expenses to the party of the second part (appellee) while on the road selling the goods of the party of the first part (appellant)." The appellant reimbursed the appellee for the outlay of his trip, amounting to thirty-six dollars and thirty-two cents. After making this contract, and on the same day it was entered into, the appellee made application to the Wertheimer Swartz Shoe Company, another St. Louis concern, for a position as traveling salesman. He was refused employment until he should be released from his contract with the appellant. He thereupon returned to the office of the appellant and surrendered his contract, stating that he declined to carry it out. The appellant then demanded that he return the thirty-six dollars and thirty-two cents, which he had been paid for the expenses of his trip, which appellee accordingly repaid. Appellee then, on January 5th, made a contract with the Wertheimer Swartz Shoe Company as their traveling salesman. This contract he admits he breached. The appellee sued for the thirty-six dollars and thirty-two cents, the expense of his trip to St. Louis, which he claims was repaid under duress, and for the expenses of his return trip home, and also one month's salary of one hundred and twenty-five dollars, based on the alleged violation by appellant of the contract in refusing to advance him money to travel on.

The refusal by the court of the peremptory instruction to the jury to return a verdict for the appellant was error. There is no conflict whatever in the testimony on the question as to who breached the contract. The secretary and treasurer and another employe of the appellant, who was present when the contract was surrendered by the appellee, testified that it was breached by the latter. The appellee, in his own testimony, practically admitted this. He claims that the appellant breached that provision of the contract which required it to furnish him money to travel on, but admits he made no demand whatever on the appellant for the advance of funds for that purpose. The consideration for the promise, on the part of appellant, to pay the expenses of appellee to St. Louis, was the expectation of making a contract with him for his services as salesman of their goods. The contract was made and breached by the appellee. The record shows that the appellee was using this agreement by the appellant to pay the expenses of his trip to get the most advantageous employment he could. When he breached his contract, he was due to return the thirty-six dollars and thirty-two cents to the appellant. He will not be permitted, under the circumstances here, to make the appellant pay the expenses of his trip in order to secure employment with another.

*Reversed and remanded.*